UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN MCGUIRE, an individual, | NO. CIV S-11-2787 KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| RECONTRUST COMPANY, N.A.; BANK OF AMERICA, N.A. a.k.a. BAC HOME LOANS SERVICING, LP; MORTGAGE ELECTRONICS SYSTEMS, INC., a Delaware Corporation; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATE SERIES 2006-22, ALL PERSONS KNOWN OR UNKNOWN CLAIMING AN INTEREST IN 5770 Fruitvale Road, Newcastle, California, County of Placer, et al., | |
| Defendants. | |

I.  Background

On October 21, 2011, plaintiff filed a complaint against Bank of America N.A., Recontrust Company, N.A. (Recontrust), Countrywide Home Loans Servicing, L.P., Mortgage Electronic Registration Systems, Inc. (MERS), and The Bank of New York Mellon, as well as

/////

1  twenty Doe defendants,[1] alleging eight claims: (1) violations of California Civil Code § 2923.5;
2  (2) wrongful foreclosure; (3) no contract exists; (4) quiet title; (5) violations of the Truth in
3  Lending Act (TILA), 15 U.S.C. §§ 1601 *et seq*. and Regulation Z, 12 C.F.R. §§ 226.1 *et seq*.;
4  (6) violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601 *et seq*.;
5  (7) fraud; and (8) declaratory and injunctive relief.  (ECF No. 2.)  All the claims arise from the
6  acquisition of and attempt to foreclose on 5770 Fruitvale Road, Newcastle, California.

7  On December 6, 2011, all named defendants jointly filed a motion to dismiss and to
8  expunge a *lis pendens*, together with a request for judicial notice of two documents and a motion
9  to strike a portion of plaintiff's complaint.  (ECF Nos. 15-17.)  On February 10, 2012, plaintiff
10 filed an opposition to defendants' motions to dismiss and strike.  (ECF No. 19.)  Defendants filed
11 a reply to plaintiff's opposition on February 17, 2012.  (ECF No. 20.)  This court submitted the
12 motions on the pleadings.

13 II.    <u>Request for Judicial Notice</u>

14 Defendants ask the court to take judicial notice of the Deed of Trust (DOT) and Notice of
15 Default related to the property at issue.  (Req. for J. Notice (RJN).)  Both documents were
16 officially recorded in Placer County, and each was attached to plaintiff's complaint.  (Compl.
17 Exs. C, J.)  However, defendants' proffered copy of the DOT contains an Adjustable Rate Rider
18 not presented with plaintiff's complaint.  (RJN Ex. A at 18-21.)
19 /////
20 /////
21

22    [1]   Plaintiff lists Doe defendants in his complaint.  The Ninth Circuit provides that
23 "'[plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir.
24 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff is warned, however, that such defendants will be dismissed where "'it is clear that discovery would not
25 uncover the identities, or that the complaint would be dismissed on other grounds.'" *Id*. (quoting *Gillespie*, 629 F.2d at 642). Plaintiff is further warned that Federal Rule of Civil Procedure 4(m),
26 which states that the court must dismiss defendants who have not been served within 120 days after the filing of the complaint unless plaintiff shows good cause, is applicable to doe
27 defendants.  *See Glass v. Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. C 11-01567 LB, 2011 U.S.
28 Dist. LEXIS 109837, at *2-4 (N.D. Cal. Sep. 27, 2011).

2

As provided by Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of facts "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Plaintiff now objects to the judicial notice defendants request on the ground that the accuracy of the documents' contents is reasonably questionable. (Opp'n at 3-4.) A court may generally take judicial notice of the existence of matters of public record, but must base judicial notice of the contents of those documents on their inability to be reasonably questioned. *See Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A court may also notice documents referred to by the complaint if they are authentic and central to the plaintiff's claim. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

Plaintiff does not allege that either document is inauthentic or that any signature on either document has been forged. In plaintiff's complaint, he avers that the DOT and the Notice of Default were filed on the dates stated by defendants. (Compl. ¶¶ 21, 27, Exs. C, J.) Plaintiff also avers that he signed the DOT. (*Id.* ¶ 149.) Both documents are central to plaintiff's claims. They are properly before the court. *Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1040 (E.D. Cal. 2009). The court also takes notice of the Adjustable Rate Rider, as it is a matter of public record.

III.    Motion to Dismiss

    1.    Standards for a Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A motion to dismiss under this rule may also challenge the sufficiency of fraud allegations under the more particularized standard of Rule 9(b) of the Federal Rules of Civil Procedure. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," (Fed. R. Civ. P. 8(a)(2)), in order to survive a

motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action.'" *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter subject to judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

    2.    <u>Threshold Requirement of Tender (All Claims)</u>

Defendants first seek to dismiss all of plaintiff's claims because plaintiff has not made a credible offer of tender of his entire debt.  (Mot. at 2-4.) Defendants argue that California state law requires that a claimant allege he has tendered the full amount of his debt to bring any action

4

related to a foreclosure sale. *See Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101, 1109 (1996); *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 579 (1984) (applying the tender requirement to claims of fraud and wrongful foreclosure because they are "implicitly integrated" with a foreclosure sale).

The court acknowledges, but declines to participate in, the debate over whether a party must tender the full amount of the indebtedness when challenging a foreclosure that has not yet occurred. *Compare Chan Tang v. Bank of Am., N.A.*, No. 11-2048, 2012 WL 960373, at *4 (C.D. Cal. Mar. 19, 2012) (declining to require tender when the plaintiff challenges a pending sale) *with Yazdanpanah v. Sacramento Valley Mortg. Group*, C 09–2024 SBA, 2009 WL 4573381, at *7 (N.D.Cal. Dec. 1, 2009) (dismissing claim for wrongful foreclosure on grounds that "debtor must allege a credible tender of the amount of the secure debt" regardless of pending or past status of foreclosure). As explained below, plaintiff's complaint is not sufficiently pleaded as to any cause of action that might require a tender.

However, California courts have expressly held that claims seeking postponement of sale under California Civil Code § 2923.5 do not require an allegation of tender because § 2923.5 specifically confers a right to be contacted in order to explore alternatives to foreclosure before a notice of default. *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 225 (2010). Plaintiff's § 2923.5 claim survives this argument for dismissal.

Defendants argue that the tender requirement applies to plaintiff's federal claims as well as state claims. (Mot. at 3, 12.) A plaintiff must make an offer of complete tender in order to state a TILA claim for rescission. *See Yamamoto v Bank of New York*, 329 F.3d 1167, 1170-71 (9th Cir. 2003); *Von Brincken v. Mortgageclose.com, Inc.*, No. 10-2153, 2011 WL 2621010, at *3 (E.D. Cal. June 30, 2011). However, defendant cites no authority that requires an offer of tender in order to state a RESPA claim or a TILA damages claim. Plaintiff's RESPA and TILA claims survive this argument for dismissal, though there are additional problems with the claims as pled, noted below.

/////

/////

3.     California Civil Code § 2923.5 (Claim 1)

Plaintiff alleges that defendants did not try to contact him prior to filing a Notice of Default as required by California Civil Code § 2923.5. (Compl. ¶¶ 58-68.) Defendants argue they met their statutory duty by providing a declaration that they tried with due diligence to contact plaintiff. (Mot. at 4-5.)

Plaintiff has admitted to receiving a copy of the declaration required by § 2923.5(b). (Compl. ¶ 28, Ex. K.) However, that declaration is not sufficient for full compliance with § 2923.5; actual attempts to contact the borrower as required by § 2923.5(a)(2) or § 2923.5(g) must be made to satisfy the statute. *Mabry*, 185 Cal. App. 4th at 232 ("In addition to the substantive act of contacting the borrower, section 2923.5 requires a statement in the notice of default."). In *Mabry*, the appellate court noted that the parties disagreed about whether or not actual contact was made and therefore remanded the case to the trial court for an evidentiary hearing. *Id*. at 235-36. Similarly, plaintiff here alleges defendants made no actual contact with him, which would violate § 2923.5. Plaintiff's § 2923.5 claim is sufficiently pled and may be maintained in an amended complaint.

4.     Wrongful Foreclosure (Claim 2)

Plaintiff alleges that defendants lack standing to foreclose because they do not own or have power of attorney with respect to either the note or the DOT, that the note and the DOT have been separated, and that they cannot produce the original note. (Compl. ¶¶ 69-94.) Defendants argue they cannot be liable for wrongful foreclosure because no such claim exists at law, and even if the claim were viable it would be premature until after a foreclosure sale; that a foreclosing party is not required to produce the original note; and that both MERS and Recontrust have standing to foreclose under California law. (Mot. at 5-7.)

California Civil Code § 2924 governs the right of a party to foreclose on a property. No party can be liable for wrongful foreclosure in the absence of a foreclosure sale. *Swanson v. EMC Mortg. Corp.*, No. 09-1507, 2009 WL 3627925, at *12 (E.D. Cal. Oct. 29, 2009). Additionally, § 2924 does not require that a foreclosing party possess the original note. *Id*.
/////

6

(citing *Sicairos v. NDEX West, LLC*, No. 08-2014, 2009 WL 385855, at *3 (S.D. Cal. Feb. 13, 2009)).

Regarding defendants' standing to foreclose, the DOT expressly designates MERS as the beneficiary for the lender and Recontrust as the trustee. (RJN Ex. A at 3). California Civil Code § 2924(a)(1) gives authority to foreclose to "the trustee, mortgagee, or beneficiary, or any of their authorized agents." MERS and Recontrust both thus have the right to foreclose on plaintiff's property. *See Morgera v. Countrywide Home Loans, Inc.*, No. 09-1476, 2010 WL 160348, at *8 (E.D. Cal. Jan. 11, 2010). Furthermore, "[section 2924] does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale." *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal 2010) (holding that MERS had both the right to foreclose on a property and to authorize a third party to foreclose as a trustee). For the above reasons, plaintiff's wrongful foreclosure claim fails.

### 5. No Contract Exists (Claim 3)

Plaintiff alleges that the original DOT is not binding because defendants did not inform him they planned to securitize the note and defendants did not represent to him that they expected him to default on the loan. (Compl. ¶¶ 95-108.) Defendants argue there is no legal claim of "no contract exists," that the securitization of the loan was lawful, that plaintiff lacks standing to challenge securitization, and that plaintiff has not pled the elements necessary to show breach of contract. (Mot. at 7-8; Reply at 7-8.)

To the extent that plaintiff alleges misrepresentation, misrepresentation of fact meant to induce a party to contract is actionable fraud. *See, e.g.*, *Las Palmas Assoc. v. Las Palmas Ctr. Assocs.*, 1 Cal. Rptr. 2d 301, 310-11 (Cal. Ct. App. 1991). Plaintiff's allegations properly fall within plaintiff's seventh claim of fraud, discussed below.

To the extent plaintiff is attempting to plead a failure to contract, plaintiff must allege full tender in order to sufficiently state a claim for rescission. *See Hague v. Wells Fargo Bank, N.A.*, No. 11-2366, 2012 WL 1029668, at *7 (N.D. Cal. March 26, 2012). Plaintiff will be given leave to amend this claim to include a willingness to tender all proceeds from the loan, if he is able to

7

do so while complying in full with Federal Rule of Civil Procedure 11, and to clarify the basis of his claim.

### 6. Quiet Title (Claim 4)

Plaintiff seeks to quiet title in his home under California Code of Civil Procedure § 760.020, on the ground that no defendant has any hold on the property. (Compl. ¶¶ 109-116.) Defendants argue that plaintiff fails to claim that defendants have an adverse interest in the property, he fails to name specific defendants who have adverse interests, and the only title is currently in plaintiff's name and cannot be quieted. (Mot. at 8-9.)

A claim to quiet title must describe the adverse claims to title that a plaintiff wishes to defeat. *See Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1206 (S.D. Cal. 2010). Plaintiff's allegation that defendants have no interest in the property necessarily fails to allege that any adverse claim to his title exists in defendants. Furthermore, the right exercised by defendants in this case is through a security interest in the DOT, not through independent title to the property. A right to foreclose based on a DOT is an insufficient foundation for an action to quiet title. *See, e.g.*, *Vega v. JPMorgan Chase Bank, N.A.*, 654 F. Supp 2d 1104, 1120-21 (E.D. Cal. 2009). For these reasons, plaintiff's claim to quiet title fails; he will not be given leave to amend this claim.

### 7. TILA (Claim 5)

Plaintiff alleges he has the right to rescind the loan agreement because defendants violated 15 U.S.C. §§ 1638(a)-(b) and 12 C.F.R. §§ 226.17, 18(c)-(d) by failing to disclose "certain charges" required by law, that defendants violated 15 U.S.C. § 1606 and 12 C.F.R. § 226.22 by improperly calculating the annual percentage rate of the mortgage, that defendants violated 15 U.S.C. § 1635 by almost immediately securitizing the note, "resulting in the fact that the DOT was immediately changed without Plaintiffs' [*sic*] knowledge and their lender would no longer be their lender," and that defendants violated 15 U.S.C. § 1641(g) by failing to notify plaintiff that MERS had authority over the DOT. (Compl. ¶¶ 117-139.) Defendants argue that plaintiff's TILA claim is time barred by 15 U.S.C. §§ 1635(f) and 1640(e), that plaintiff's claim fails to adequately plead facts that give defendants notice of their alleged illegal acts, and that

1  defendant BAC is not liable under TILA because it is a loan servicer.  (Mot. at 9-12.)

2  TILA and Regulation Z require a lender to calculate and disclose a number of terms of a
3  loan agreement before the loan is consummated.  15 U.S.C. §§ 1601, *et seq*.; 12 C.F.R. § 226.1,
4  *et seq*.  Failure to do so allows a borrower to bring suit to rescind the loan and recover damages
5  from the lender.  15 U.S.C. §§ 1635, 1640.

6  Title 15 U.S.C. § 1635(f) states: "An obligor's right of rescission shall expire three years
7  after the date of consummation of the transaction or upon sale of the property, whichever occurs
8  first . . . ."  15 U.S.C. § 1640(e) states: "Any action under this section [creating a claim for
9  damages] may be brought . . . within one year from the date of occurrence of the violation . . . ."
10 The Ninth Circuit has held that any failure to disclose as required by TILA occurs when the loan
11 documents are signed.  *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003).  In
12 this case, the loan documents were signed in 2006.  (Compl. ¶ 21.)  The statute presumptively
13 ran on plaintiff's claims in 2009 and 2007, respectively.

14 Plaintiff argues that the statute of limitations on his rescission claim should be equitably
15 tolled because defendants' misrepresentations and the complicated nature of financial institutions
16 prevented plaintiff, a lay person, from being able to discover the TILA violations until 2011.[2]
17 (Compl. ¶¶ 126, 135; Opp'n at 18-21.)  However, the three-year right to rescind created by TILA
18 is not subject to equitable tolling.  *See Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412 (1998);
19 *McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1329 (9th Cir. 2012).  Plaintiff's
20 TILA claim for rescission fails.

21 With respect to the one-year limitation on claims for damages, a plaintiff must show three
22 elements in order to justify equitable tolling: that the defendants fraudulently concealed the
23 relevant facts that would have led to discovery, that the plaintiff failed to discover those facts
24 within the time allotted by the statute, and that the plaintiff exercised due diligence until
25 discovering the facts.  *Federal Election Com'n v. Williams*, 104 F.3d 237, 240-41 (9th Cir.

---

[2] The court notes that a discrepancy exists between the time of discovery set forth in plaintiff's complaint and the time of discovery set forth in plaintiff's opposition.  (*Compare* Compl. ¶ 126 *with* Opp'n at 19.)  Both claimed dates of discovery, June 2011 and October 2011, fall outside TILA's statute of limitations and so the discrepancy is immaterial to the court's analysis.

1996); *Pedersen v. Greenpoint Mortg. Funding, Inc.*, No. 11-642, 2011 WL 3818560, at *6 (E.D. Cal. Aug. 29, 2011). Courts have disagreed regarding whether an allegation of fraudulent concealment of loan transaction details allows a plaintiff to meet the requirements of equitable tolling despite a failure to take action to discover the true nature of the loan agreement. *Compare Lane*, 713 F. Supp. 2d at 1100 (holding that a plaintiff's assertion that he was not in a position to discover TILA violations because of the defendants' fraudulent concealment did not justify equitable tolling) *with Brewer*, 609 F. Supp. 2d at 1118 (holding that a plaintiff's allegation of fraudulent concealment was sufficient basis for equitable tolling). The Ninth Circuit has characterized fraudulent concealment as one equitable tolling doctrine without clearly saying whether the diligence requirement applies. *See, e.g., Pincay v. Andrews*, 238 F.3d 1106, 1110 (9th Cir. 2001).

This court has previously followed *Lane* by holding that an unsupported assertion that defendants' alleged fraud prevented a plaintiff from being able to discover a TILA violation did not justify equitable tolling. *Pedersen*, 2011 WL 3818560, at *6. Plaintiff provides no reason for the court to modify its previous determination of this question. Plaintiff's TILA claim for statutory damages thus is time-barred. Plaintiff will be given leave to amend his rescission claim to include facts in support of his request for equitable tolling, if he is able.

8.   RESPA (Claim 6)

Plaintiff alleges that defendants violated 12 U.S.C. § 2607(b) by charging plaintiff for settlement services that defendants did not actually perform. (Compl. ¶¶ 142, 143.) Defendants argue that plaintiff's claim is time-barred by 12 U.S.C. § 2614 and fails to adequately plead a violation of RESPA. (Mot. at 12-14.)

"[A] claim under § 2607 must be brought within a year after the 'date of the occurrence of the violation . . . .'" *Pedersen*, 2011 WL 3818560, at *7 (quoting *Brewer*, 609 F. Supp 2d at 1117). As with plaintiff's TILA claim for damages, his unsupported assertion that discovery of the violation was impossible is not enough to justify equitable tolling. *Id.; Lane*, 713 F. Supp. 2d at 1100 *see Egerer v. Woodland Realty, Inc*., 556 F.3d 415, 422 (6th Cir. 2009) (recognizing that
/////

10

1  equitable tolling applies to RESPA cases).   Plaintiff will be given leave to amend this claim, if
2  he can, to include facts in support of his request for equitable tolling.

3    9.    Fraud (Claim 7)

4  Plaintiff alleges that defendants structured the loan transaction to misrepresent the value
5  of the property, the identity and status of the lender, and the terms of the DOT; that plaintiff
6  reasonably relied on defendants when agreeing to execute the transaction; and that plaintiff
7  learned of defendants' alleged actions only in June 2011.  (Compl. ¶¶ 95-108, 146-157.)
8  Defendants argue that plaintiff fails to meet the particularity requirement of a fraud claim and
9  that plaintiff's claim is time-barred here as well because the statute of limitations began to run in
10 2006.  (Mot. at 14-15.)

11 In addition to the usual pleading requirements of Rule 8, allegations of fraud must meet
12 heightened pleading standards.  Under Rule 9(b), a plaintiff who alleges fraud "must state with
13 particularity the circumstances constituting the fraud," but may "aver[] generally" the state of
14 mind animating the fraud.  The pleading must "be specific enough to give defendants notice of
15 the particular misconduct . . . so that they can defend against the charge and not just deny that
16 they have done anything wrong."  *Sanford v. Memberworks, Inc.*, 625 F.3d 550, 557-58 (9th Cir.
17 2010) (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)).  To avoid
18 dismissal, the complaint must describe the time, place, and specific content of the false
19 representations and identify the parties to the misrepresentations.  *Id.*; *Dooms v. Fed. Home Loan*
20 *Mortg. Corp.*, No. 11-0352, 2011 WL 1232989, at *13 (E.D. Cal. Mar. 31, 2011).  In addition, a
21 plaintiff may not "lump multiple defendants together" but rather must "differentiate their
22 allegations."  *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (quoting *Cisneros v. Instant*
23 *Capital Funding Grp., Inc.*, 263 F.R.D. 595, 606-07 (E.D. Cal. 2009)).

24 Plaintiff's allegations fail to identify any instance of fraud with the particularity required
25 by Rule 9(b).  *See, e.g., Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)
26 (complaint must describe the time, place, and specific content of the false representations and
27 identify the parties to the misrepresentations).  Furthermore, a "bare claim" that plaintiff did not
28 know about the alleged fraud until June 2011 is not a basis on which the court can properly toll

11

the statute of limitations. *See, e.g.*, *Wadhwa v. Aurora Loan Servs., LLC*, No. 11-1784, 2012 WL 762020, at *5 (E.D. Cal. Mar. 8, 2012). Plaintiff will be given leave to amend this claim to provide facts about specific instances of fraud as required by Rule 9(b), if he is able to do so.

        10.      <u>Declaratory and Injunctive Relief (Claim 8)</u>

Plaintiff seeks declaratory and injunctive relief on the ground that defendants have no interest in the property and no standing to foreclose. (Compl. ¶¶ 158-163.) Defendants argue that plaintiff is not eligible for declaratory relief because he alleges only actions already alleged in other claims, and that injunctive relief is not a freestanding cause of action. (Mot. at 15-16.)

Under 28 U.S.C. § 2201, declaratory relief is granted to "clarify the parties' interests or relieve the uncertainty giving rise to the proceeding." *Trant v. Wells Fargo Bank, N.A.*, No. 12-164, 2012 WL 2871642, at *9 (S.D. Cal. July 12, 2012) (citing *United States v. Washington*, 759 F.2d 1353, 1356-57 (9th Cir. 1985)). Because plaintiff's claim for declaratory relief stems from his arguments about the foreclosure process, which this court has found do not state a claim, his claim for declaratory relief fails.

Plaintiff cannot succeed on a claim of injunctive relief. "Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." *Shell Oil Co. v. Richter*, 125 P.2d 930, 932 (Cal. 1942); *see also Chan Tang*, 2012 WL 960373, at *15. Plaintiff's claim for injunctive relief fails as a claim but may be restated in the prayer for relief if appropriate.

IV.    <u>Expunging the *Lis Pendens*</u>

Plaintiff has recorded a *lis pendens* on 5770 Fruitvale Road, Newcastle, California. Defendants argue that the *lis pendens* should be expunged if the court dismisses plaintiff's claims. (Mot. at 16-17.)

"A lis pendens is a recorded document giving constructive notice that an action has been filed affecting right or title to possession of the real property described in the notice." *Park 1000 Inv. Group II v. Ryan*, 180 Cal. App. 4th 795, 807 (2009) (internal citation and quotation omitted). A court should expunge a *lis pendens* if it determines that the action "as pled lacks evidentiary merit . . ." *Id*. at 808; *see also Palmer v. Zaklama*, 109 Cal. App. 4th 1367, 1378

1  (2003). Because the court finds that plaintiff's § 2923.5 claim is sufficiently pled, it declines to
2  expunge the *lis pendens*.

3  V.    Failure to Join an Indispensable Party

4  Defendant argues that plaintiff's wife, Olivia McGuire, must join this action in order for
5  plaintiff to challenge defendants' foreclosure action. (Mot. at 17.)

6  Federal Rule of Civil Procedure 19 governs the joinder of parties and the determination
7  of whether or not a party is necessary. "An absent party with an interest in the action is not a
8  necessary party under Rule 19(a) 'if the absent party is adequately represented in the suit.'" *Salt*
9  *River Project Agric. Improvement and Power Dist. v. Lee*, 672 F.3d 1176, 1180 (9th Cir. 2012)
10 (quoting *Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992)). The three factors
11 relevant to a determination of adequate representation are: whether the party to the suit will
12 undoubtedly make all of the absent party's arguments, whether that party can and is willing to
13 make those arguments, and whether the absent party would add anything necessary to the
14 proceedings. *Id*.

15 Defendants cite no legal authority for their argument, nor can their argument be couched
16 in any of the relevant factors that might necessitate joining Mrs. McGuire to the action. There is
17 no basis for concluding that Mrs. McGuire's interests will not be adequately represented by
18 Mr. McGuire. The court declines to require that Mrs. McGuire join the action.

19 VI.   Motion to Strike

20        1.    Punitive Damages

21 Plaintiff seeks punitive damages in his complaint. (Compl., Prayer for Relief ¶ 6.)
22 Defendant argues that punitive damages are not recoverable based on plaintiff's claims. (Mot. at
23 17-18.)

24 California Civil Code § 3294(a) permits a claimant to recover punitive damages from a
25 defendant liable for oppression, fraud, or malice. Punitive damages cannot be awarded for a
26 complaint that does not sufficiently allege one of those three actions. *See Brousseau v. Jarrett*,
27 73 Cal. App. 3d 864, 872 (1977). However, "[f]raud alone is an adequate basis for awarding
28 punitive damages." *Oakes v. McCarthy Co.*, 267 Cal. App. 2d 231, 263 (1968). Because the

court is giving plaintiff leave to amend his fraud claim, it declines to strike his prayer for punitive damages.

  2. <u>Attorney's Fees</u>

  Plaintiff seeks attorney's fees in his complaint.  (Compl., Prayer for Relief ¶ 5.) Defendant argues that attorney's fees are not recoverable because plaintiff has not alleged any right to attorney's fees.  (Mot. at 18.)

  Title 15 U.S.C. § 1640(a)(3) provides that a party may recover a reasonable attorney's fee in the case of any TILA action that results in the award of damages.  Because the court is giving plaintiff leave to amend his TILA claim for damages, it declines to strike his prayer for attorney's fees.

  IT IS THEREFORE ORDERED that:

1. Defendants' motion to dismiss (ECF No. 15) is granted in part and denied in part as follows:

    a. Granted as to plaintiff's causes of action for violations of TILA, violations of RESPA, "no contract exists," fraud, and injunctive relief, with leave to amend;

    b. Granted as to plaintiff's causes of action for wrongful foreclosure, quiet title, and declaratory relief with prejudice; and

    c. Denied as to plaintiff's cause of action for violations of California Civil Code § 2923.5.

2. Defendants' request for judicial notice is granted;

3. Defendants' request to expunge the *lis pendens* is denied;

4. Defendants' request to join Olivia McGuire to this action is denied;

5. Defendants' motion to strike plaintiff's prayers for punitive damages and attorney's fees (ECF No. 17) is denied; and

6. Plaintiff's amended complaint is due twenty-one days from the date of this order.

DATED: September 30, 2012.

                      _____
                      UNITED STATES DISTRICT JUDGE