UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAN MCGUIRE,                                    No.: 2:11-cv-2787-KJM-CKD

                Plaintiff,

        v.                                      ORDER

RECONTRUST COMPANY, N.A., et al.,

                Defendants.

        This matter is before the court on the motion by Bank of America, N.A. ("BANA"); Recontrust Company, N.A. (Recontrust); Countrywide Home Loans Servicing, L.P. ("Countrywide"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and The Bank of New York Mellon ("Bank of New York") (collectively referred to as "defendants") to strike portions of plaintiff's Second Amended Complaint. (ECF 50.) The court submitted the matter without a hearing. As explained below, defendants' motion is GRANTED in part and DENIED in part.

I.      RELEVANT BACKGROUND

        On October 21, 2011, plaintiff filed a complaint against defendants alleging eight causes of action: (1) violations of California Civil Code section 2923.5; (2) wrongful foreclosure; (3) no contract exists; (4) quiet title; (5) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq*. and Regulation Z, 12 C.F.R. §§ 226.1 *et seq*.; (6) violations of the Real

1

1  Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*; (7) fraud; and (8)

2  declaratory and injunctive relief.  (Compl., ECF 2.)  All of the claims arise from the acquisition of

3  and attempt to foreclose on 5770 Fruitvale Road, Newcastle, California.

4      On December 6, 2011, all named defendants jointly filed a motion to dismiss and

5  to expunge a *lis pendens*, together with a request for judicial notice of two documents and a

6  motion to strike a portion of plaintiff's complaint.  (ECF 15-17.)  On September 30, 2012,

7  the court denied the motion to dismiss as to plaintiff's claim that defendants violated section

8  2923.5 of the California Civil Code and granted the motion to dismiss, giving plaintiff leave to

9  amend the complaint as to his claims that defendants violated TILA and RESPA, his claim of

10  fraud, and his claim that no contract exists.  (ECF 30.)

11      On October 22, 2012, plaintiff filed his First Amended Complaint, containing five

12  causes of action, apparently against all defendants: (1) violation of California Civil Code section

13  2923.5; (2) no contract exists; (3) TILA violations; (4) RESPA violations; and (5) fraud.  (ECF

14  31.)  On November 8, 2012, defendants filed a motion to dismiss the second, third, fourth, and

15  fifth causes of action.  (ECF 32.)  The court granted defendants' motion to dismiss on July 24,

16  2013.  (ECF 47.)  On August 13, 2013, plaintiff filed his verified Second Amended Complaint for

17  violation of California Civil Code section 2923.5.  (ECF 49.)  Defendants filed the instant motion

18  to strike certain portions of the Second Amended Complaint on August 30, 2013.  (ECF 50.)

19  Plaintiff filed an opposition on October 10, 2013.  (ECF 53.)  Defendants filed a reply to

20  plaintiff's opposition on October 16, 2013.

21  II.      LEGAL STANDARD

22      Federal Rule of Civil Procedure 12(f) provides a court "may strike from a pleading

23  an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R.

24  CIV. P. 12(f).  "Redundant" matter  is defined as the needless repetition of allegations.  5C

25  CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1382 (3d ed. 2013).

26  "Immaterial" matter is defined as matter that "has no essential or important relationship to the

27  claim for relief . . . being pleaded . . . ."  *Id.*  "'Impertinent' matter consists of statements that do

28  not pertain, and are not necessary, to the issues in question."  *Id.*  "Finally, 'scandalous' matter is

2

that which improperly casts a derogatory light on someone, most typically on a party to the action." *Id.*

The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).  Despite this salutary function, motions to strike are viewed with disfavor because they are often used as delaying tactics and because of the policy in favor of resolution of cases on the merits.  WRIGHT ET AL., *supra*, § 1382.  Indeed, a motion to strike can be granted only if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1179 (S.D. Cal. 2012) (quoting *Walters v. Fid. Mortgage of Cal.*, 730 F. Supp. 2d 1185, 1196 (E.D. Cal. 2010)).  In ruling on a motion to strike, a "court[ ] may not resolve disputed and substantial factual or legal issues . . . ." *Whittlestone*, 618 F.3d at 973 (internal quotation omitted).  Moreover, "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Id.* at 972.

III.   ANALYSIS

A.   Plaintiff's Allegations

Defendants seek to strike paragraphs twelve to sixteen, eighteen, twenty-three to twenty-six, twenty-eight, thirty-six to fifty-seven and sixty, arguing "they are immaterial, impertinent, and/or scandalous."  (ECF 50 at 2-10.)  The gravamen of plaintiff's opposition is that his allegations "serve[] as a chronology of what happened."  (ECF 53 at 3.)  Because the chronology of events shows defendants are not the correct foreclosing entities, plaintiff argues, defendants violated California Civil Code section 2923.5 when they sought to foreclose.  (*Id.* at 2.)

California Civil Code section 2923.5 requires a "mortgagee, beneficiary, or authorized agent" to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" before a notice of default may be filed.  CAL. CIV. CODE § 2923.5(a)(2).  The statute also provides an

3

1    alternative for when a notice of default may be recorded in cases where a lender has not contacted

2    a borrower, "provided that the failure to contact the borrower occurred despite the due diligence

3    of the mortgage servicer." *Id.* § 2923.5(e).  The private right of action, however, "is limited to

4    obtaining a postponement of an impending foreclosure to permit the lender to comply with

5    section 2923.5." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (2010).  Having

6    articulated the requirements of plaintiff's sole cause of action, the court turns to the allegations

7    defendants seek to strike.

8                    1.      Paragraphs Thirteen, Fifteen and Fifty-five to Fifty-seven

9                    Plaintiff argues his factual allegations about defendants' alleged improper

10   activities against other homeowners is pertinent because "[they] establish[] a pattern and practice

11   of . . . [d]efendants to fraudulent [sic] foreclose on the properties of unsuspecting home owners in

12   violation of . . . section 2923.5." (ECF 53 at 5.)  The court grants defendants' request to strike the

13   allegations in paragraphs thirteen, fifteen, and fifty-five to fifty-seven because the allegations are

14   not necessary to the sole issue in the case: whether defendants have complied with section 2923.5

15   in plaintiff's case.  *See Mabry,* 185 Cal. App. 4th at 224 (reasoning "compliance with section

16   2923.5 is necessarily an individualized process").

17                   2.      Paragraph Eighteen

18                   The court denies defendants' request to strike paragraph eighteen of the complaint

19   because the allegations essentially state defendants have not complied with California foreclosure

20   laws.  Because section 2923.5 is a California foreclosure law, paragraph eighteen is pertinent.

21   *See id.* at 220-21.

22                   3.      Paragraphs Twelve, Fourteen, Sixteen, Twenty-three to Twenty-six,
                             Twenty-eight, Thirty-six to Fifty-four and Sixty
23

24                   The court denies defendants' request to strike these paragraphs because it is not

25   "clear that the matter to be stricken could have no possible bearing on the subject matter of the

26   litigation." *Rosales*, 882 F. Supp. 2d at 1179.  Defendants' argument that these allegations have

27   no bearing is unavailing.  Defendants appear to confuse a Rule 12(f) motion with a Rule 12(b)(6)

28   motion.  Defendants' argument that under California law, a notice of default "does not need to be

                                                      4

1  signed by a person with firsthand knowledge," is a legal argument challenging the sufficiency of

2  the pleading, which is not authorized under Rule 12(f).  *See Yamamoto v. Omiya*, 564 F.2d 1319,

3  1327 (9th Cir. 1977) ("Rule 12(f) is neither an authorized nor a proper way to procure the

4  dismissal of all or a part of a complaint.").

5          B.      Plaintiff's Prayer for Relief

6          Defendants seek to strike plaintiff's prayer for injunctive relief, actual and

7  compensatory damages, for applicable statutory fees for statutory violations, and attorney's fees

8  as impertinent.  (ECF 50 at 10-11.)  To support their motion, defendants argue none of the relief

9  requested by plaintiff is allowed for a section 2923.5 violation, as the only relief available for

10  such a violation is the postponement of the foreclosure sale.  (*Id.*)

11          The court finds defendants cannot demonstrate that plaintiff's prayer for relief may

12  be stricken under Rule 12(f).  In *Whittlestone, supra*, the Ninth Circuit reviewed a district court

13  decision striking a plaintiff's claim for lost profits and consequential damages under Rule 12(f).

14  618 F.3d at 973.  The Ninth Circuit concluded that the plaintiff's claim for damages could not be

15  the subject of a motion to strike because the claim was not (1) an insufficient defense;

16  (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous.  *Id.* at 973-74.  Indeed, the court

17  rejected the defendant's argument that the damages should be stricken from the complaint

18  because the damages were "precluded as a matter of law."  *Id.* at 974.  The court reasoned that the

19  defendant's attempt to strike this portion of the plaintiff's complaint was better framed as a Rule

20  12(b)(6) motion.  *Id.*  The Ninth Circuit held that "Rule 12(f) does not authorize district courts to

21  strike claims for damages on the ground that such claims are precluded as a matter of law."  *Id.* at

22  974-75.

23          While in *Whittlestone* the Ninth Circuit did not specifically address whether

24  striking a plaintiff's request for equitable relief and attorney's fees should be allowed, this court

25  reads the Ninth Circuit's opinion as extending to the prayer at issue here.  *See* WILLIAM W.

26  SCHWARZER ET AL., CAL. PRAC. GUIDE FED. CIV. PRO. BEFORE TRIAL Ch. 9-G (2013) ("[A]n

27  improper prayer is neither an 'insufficient defense' nor a 'redundant, immaterial, impertinent or

28  /////

scandalous' matter under Rule 12(f).").  Accordingly, the court denies defendants' motion to strike any portion of plaintiff's prayer for relief.

IV.      <u>CONCLUSION</u>

　　　　　　　　For the foregoing reasons, the court orders as follows:

1.  The court GRANTS defendants' motion to strike plaintiff's allegations in paragraphs thirteen, fifteen and fifty-five to fifty-seven of the Second Amended Complaint.

2.  The court DENIES defendants' motion to strike the allegations in paragraphs twelve, fourteen, sixteen, eighteen, twenty-three to twenty-six, twenty-eight, thirty-six to fifty-four, and sixty of the Second Amended Complaint.

3.  The court DENIES defendants' motion to strike paragraphs two to four and six of plaintiff's prayer for relief of the Second Amended Complaint.

4.  Plaintiff shall have twenty-one days from the date of this order to amend the complaint in accordance with this order.

　　　　　　　　IT IS SO ORDERED.

Dated:  October 29, 2013.

_____
UNITED STATES DISTRICT JUDGE