UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAN McGUIRE,

Plaintiff,

v.

RECONTRUST COMPANY, N.A., et al.,

Defendants.

No. 2:11-CV-02787-KJM-CKD

ORDER

Defendants ReconTrust Company, N.A., Bank of America, N.A., Mortgage Electronic Registration Systems, Inc. and the Bank of New York Mellon challenge the court's subject-matter jurisdiction in the instant action. Defs.' Br. Re Jurisdiction ("Br.") at 1, ECF No. 62. Plaintiff maintains the court does have at least supplemental jurisdiction and should retain the case. Pl.'s Opp'n to Br. ("Opp'n") at 1, ECF No. 67. The court heard argument on May 9, 2014, with Holly S. Burgess appearing for plaintiff and Kyle R. Smith appearing for defendants. For the reasons below, the court DISMISSES the matter for want of subject-matter jurisdiction.

## I. BACKGROUND

Plaintiff Dan McGuire filed suit in this court on October 21, 2011, alleging eight federal and state claims. Compl. ¶¶ 58–163, ECF No. 2. After several rounds of motion

/////

practice, plaintiff filed the now-operative complaint, which contains one surviving claim, brought under state law. Third Am. Compl. ¶¶ 57–70, ECF No. 57.

In anticipation of a January 23, 2014 status conference, the parties filed a joint status report, in which defendants disputed the court's jurisdiction. Joint Status Report at 2, ECF No. 59. Accordingly, in its pretrial scheduling order, the court directed the parties to brief the issue. Status (Pretrial Scheduling) Order at 2, ECF No. 61. Both parties complied. Br. at 1; Opp'n at 1.

II. STANDARD

"Federal courts are courts of limited jurisdiction," and "it is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377–78 (1994) (citation omitted). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction . . . ." *Id.* at 377 (citation omitted). Subject-matter jurisdiction may be challenged by either party, FED. R. CIV. P. 12(b)(1), or raised *sua sponte* by the court, FED. R. CIV. P. 12(h)(3); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Such a challenge may be raised "'at any stage in the litigation, even after trial and the entry of judgment.'" *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)).

III. ANALYSIS

Plaintiff asserts federal jurisdiction on the basis of both supplemental jurisdiction and diversity jurisdiction. He argues that "[t]he original complaint was a civil action of which [sic] this court has original jurisdiction" and thus concludes that the court "may properly retain jurisdiction over the remaining and substantially related state law claims." Opp'n at 3. Additionally, he contends diversity jurisdiction exists because "[t]he only evidence before the Court is that the amount in controversy exceeds $75,000," and "Recontrust [sic] is a subsidiary or division of Bank of America, whose residence for jurisdictional purposes is North Carolina." *Id.* at 4.

/////

Defendants respond that the court should "exercise its discretion and decline to assert supplemental jurisdiction over the sole remaining state law claim" because the court has already "dismissed (without leave to amend) Plaintiff's only federal claims." Br. at 4 (citation omitted). Defendants also insist the court may not properly exercise diversity jurisdiction both because complete diversity is lacking—"ReconTrust is . . . a California entity with its principal place of business in . . . California"—and there is less than $75,000 in controversy. *Id.* at 1–3.

A. <u>Diversity Jurisdiction</u>

1. <u>National Banking Association Citizenship</u>

Diversity jurisdiction exists "where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a). Further, there must be "complete diversity of citizenship" between the plaintiff and all defendants. *See Matao Yokeno v. Sawako Sekiguchi*, ___ F.3d ___, 2014 WL 1424453, at *1 (9th Cir. 2014) (citing 28 U.S.C. § 1332; *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990)).

Unlike individuals or corporations, "a national bank is a citizen only of the state in which its main office is located." *Rouse v. Wachovia Mortg. F.S.B.*, ___ F.3d ___, 2014 WL 1243869, at *1 (9th Cir. 2014) (citing 28 U.S.C. § 1348). A bank's main office, which must be "'designated in its articles of association,'" *id.* at *3 (quoting *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006)), is the "'place where its operations of discount and deposit are to be carried on,'" *Wachovia Bank*, 546 U.S. at 307 n.1 (quoting 12 U.S.C. § 22).

Here, both ReconTrust and Bank of America have filed their articles of association with the court. Defs.' Supplement Exs. A–B, ECF No. 73. The articles establish that ReconTrust associated on July 1, 2010, before this action was filed, and maintains its main office in Simi Valley, California, *id.* Ex. B at 1, 7, while Bank of America associated on June 13, 2005 and maintains its main office in Charlotte, North Carolina, *id.* Ex. A at 1, 6. As both entities are national banking associations, *id.* Exs. A–B, ReconTrust is a citizen of California and Bank of America is a citizen of North Carolina.

/////

/////

2. Alter Ego

To determine diversity jurisdiction "in a suit involving a subsidiary corporation, the court looks to the state of incorporation and principal place of business of the subsidiary, and not its parent." *Danjaq v. Pathe Comms. Corp.*, 979 F.2d 772, 775 (9th Cir. 1992) (citations and internal quotation marks omitted). "The only recognized exception . . . is where the subsidiary is the alter ego of the parent corporation." *Id.* "Under these circumstances, courts view the formal separateness between the two corporations as merely a legal fiction." *Id.* (citations omitted).

"An alter ego relationship is typified by parental control of the subsidiary's internal affairs or daily operations." *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001) (citation omitted). "To . . . satisfy the alter ego exception . . . , the plaintiff must [show:] '(1) that there is such unity of interest and ownership that the separate personalities [of the entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice.'" *Id.* (quoting *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996)).

Here, both ReconTrust and Bank of America have established that they are national banking associations and not corporations. In light of the unequivocal language of *Rouse*, that "a national bank is a citizen only of the state in which its main office is located," the alter ego doctrine has no application to national banking associations. *See* 2014 WL 1243869, at *1 (citing 28 U.S.C. § 1348); *see also Danjaq*, 979 F.2d at 775. Plaintiff has not carried his burden of showing otherwise. *See Unocal*, 248 F.3d at 926.

Both plaintiff and ReconTrust are California citizens and thus complete diversity between the parties is lacking. The court thus considers whether to exercise supplemental jurisdiction.

B. Supplemental Jurisdiction

The court may exercise supplemental jurisdiction over "claims that are so related to claims [over which it has] . . . original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

However, even in such cases, the court "may decline to exercise supplemental jurisdiction . . . if . . . the district court . . . dismisse[s] all claims over which it ha[d] original jurisdiction . . . ." *Id.* § 1367(c)(3). Indeed, "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (dictum); *see also Sharnese v. California*, 547 F. App'x 820, 823 (9th Cir. 2013) ("Once all federal actions were dismissed from the action, the district court acted within its discretion in declining to hear remaining state law claims." (citing 28 U.S.C. § 1367(c)(3))).

"This instruction, however, is not mandatory and inflexibly applied in all cases. Rather, [it] 'simply recognizes that in the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise [supplemental] jurisdiction . . . ." *Imagineering, Inc. v. Kieweit Pac. Co.*, 976 F.2d 1303, 1309 (9th Cir. 1992) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)), *abrogated on other grounds by Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005). Factors to weigh include economy, convenience, fairness and comity. *Id.*

Here, only one claim, a state-law claim, remains before the court. The court may, in its discretion, decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). In exercising its discretion, the court considers the factors noted above. *Imagineering, Inc.*, 976 F.2d at 1309.

Economy and comity weigh against continuing to hear the case. Although litigation has persisted in this court for over two years, the court has never addressed the merits of this claim. Economy is thus served by removing the case from this court's overburdened docket. Because state court is the ideal forum for resolution of a state-law claim, comity also militates in favor of declining jurisdiction. *See Gibbs*, 383 U.S. at 726 ("Needless decisions of state law should be avoided . . . as a matter of comity . . . .").

"[C]onvenience . . . to the parties," *Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (citation omitted), is a closer call. In analyzing this factor, the court notes the duration of the instant proceedings in federal court, initiated in October 2011. Even though "state and federal

fora are located in Sacramento[] only blocks from one another, making both equally convenient for the parties" in a geographical sense, *Meza v. Matriz Servicing*, No. CIV 2:09-3106 WBS JFM, 2010 WL 366623, at *4 (E.D. Cal. Jan. 26, 2010), the time, energy and resources already expended by the parties render federal court a somewhat more convenient forum. On balance, however, given that the case has not progressed beyond the initial pleading stage, convenience weighs in favor of declining to exercise jurisdiction. *See Oliver v. U.S. Bank, N.A.*, No. 11-CV-04300-LHK, 2012 WL 2376677, at *9 (N.D. Cal. Jun. 22, 2012).

Fairness is a closer call. The court is not unsympathetic to the expense of modern litigation and the significant period of time during which the action has proceeded in federal court. Plaintiff has not, however, asserted his inability to bring his claim in state court. As noted above, the court has had no occasion to address the merits of this claim and, therefore, finds the state court better suited to do so. *See Gibbs*, 383 U.S. at 726 ("Needless decisions of state law should be avoided . . . to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

The court declines to exercise supplemental jurisdiction.

## IV. CONCLUSION

As set forth above, the action is DISMISSED.

IT IS SO ORDERED.

DATED: May 20, 2014.

UNITED STATES DISTRICT JUDGE